## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUDY DICKERSON, ADMINISTRATRIX OF THE ESTATE OF ELLEN WHITTINGTON,<br><br>    Plaintiff,<br> v.<br><br>BOROUGH OF WILKINSBURG, ISIDORE TRUNZO, MICHAEL CATANZARO, and JAMES CARRAWAY, Individually and in their capacity as Borough of Wilkinsburg Police Officers,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  2:05cv1031<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Before the Court for consideration and disposition are DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO RULE 55(c) (*Document No. 17*) and PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT (*Document No. 18*).

Background

Plaintiff filed a Complaint against Defendants on July 27, 2005. Defendants were served with a summons and a copy of the Complaint on August 2, 2005. Defendants failed to timely file an Answer, and on August 29, 2005, another member of this Court instructed Plaintiff to take a default judgment against Defendants on or before September 7, 2005. Plaintiff did so, and on August 30, 2005, the Clerk of Court entered a default judgment against Defendants. *See* Document No. 6. On September 6, 2005, Plaintiff filed a Motion to Enter Default Judgment and Schedule Hearing to Determine Damages Pursuant to Rule 55(b)(2). *See* Document No. 8. By Order of Court dated September 13, 2005, the Court scheduled a hearing on the matter and ordered that Defendants be served with a copy of said Order of Court. Exactly one month later, on October 13, 2005, Plaintiff filed a Certificate of Service which indicated that Defendants had been served with copies of the September 13, 2005 Order of Court. At that point, Defendants had not been served with any other filings (besides the Complaint), including Plaintiff's request

for a default judgment. Shortly thereafter, counsel for Defendant entered their appearances and filed, *inter alia*, an Answer to Complaint and the instant Motion to Set Aside Entry of Default ("Motion"). The matter was subsequently re-assigned to this member of the Court as the former Judge recused.

<u>Standard of Review</u>

Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside "for good cause shown." That determination is made in the sound discretion of the district court. *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194-95 (3d Cir. 1984). When exercising that discretion, a district court must consider whether: (1) the plaintiff will be prejudiced if the default is set aside; (2) the defendant has a meritorious defense; and (3) the default was a product of the defendant's culpable or inexcusable conduct. *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991). Moreover, the entry of a default is not favored, and the district court should employ a "standard of liberality" that resolves all doubts in favor of the defaulting party. *Gross v. Stereo Component Sys.*, 700 F.2d 120, 122 (3d Cir. 1983). Indeed, courts enjoy the inherent power to ignore minor procedural defects because they should, whenever practicable, reach the merits of a case. *See, e.g., Jorden v. National Guard Bureau*, 877 F.2d 245, 251 (3d Cir.1989).

## DISCUSSION

In the instant case, the three factors which the Court must consider require setting aside the entry of default against Defendants. First, setting aside the entry of default will not result in any appreciable prejudice to Plaintiff. Under Rule 55, the prejudice requirement compels Plaintiff to demonstrate that her claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors. *Duncan v. Speach*, 162 F.R.D. 43, 45 (E.D. Pa.1995). None of these factors are present here.

Second, Defendants appear to have at least facially meritorious defenses to the claims against them. *See* Answer to Complaint, Affirmative Defenses (*Document No. 16*). Rule 55 does not require the defaulting party "to prove beyond a shadow of a doubt that it will win at trial, but merely to show that it has a defense to the action which at least has merit on its face." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). The defenses asserted by Defendants in their Answer (*e.g.*, governmental immunity) appear to be facially meritorious and, accordingly, militate in favor of setting aside the entry of default against them.

Finally, the conduct of Defendants does not rise to the level of culpable conduct. The Declaration of Wesley Johnson ("Johnson"), Borough Manager of the Borough of Wilkinsburg, states that he was served with the Complaint on August 2, 2005, and that he forwarded the Complaint to the insurance carrier for the Borough, which he believed would retain counsel and respond to the Complaint on behalf of all defendants. Motion, exh. A. The Declaration also reflects that upon receipt of the September 13, 2005 Order of Court, Johnson immediately contacted the Solicitor and retained defense counsel. *Id*. For the purpose of Rule 55, culpable conduct is "dilatory behavior that is willful or in bad faith." *Gross*, 700 F.2d at 124. Defendants' explanation for its failure to answer Plaintiff's Complaint arguably may demonstrate some inadvertence, lack of communication or, at worst, negligence that had a dilatory result, but it does not demonstrate dilatory intent or bad faith. The Court accepts the explanation of Defendants as valid, especially because evidence of dilatory intent must appear independently in the record. *See Spurio v. Choice Sec. Sys., Inc.,* 880 F. Supp. 402, 404 (E.D. Pa. 1995). Plaintiff presented no such evidence as part of the record, and, even if she had presented some evidence, the Court would nonetheless be required at this stage of the proceeding to resolve all doubts in favor of the defaulting party. *Gross,* 700 F.2d at 122. Therefore, the Court finds that the conduct of Defendants was not willful or in bad faith.

NOW THEREFORE, this 23rd day of November, 2005, it is hereby ORDERED, ADJUDGED and DECREED that Defendants' Motion to Set Aside Entry of Default Pursuant to

Rule 55(c) is **GRANTED** and the Clerk's Entry of Default entered August 30, 2005 is hereby **VACATED**.  Plaintiff's Motion to Enter Default Judgment and Schedule Hearing to Determine Damages Pursuant to Rule 55(b)(2) is **DENIED AS MOOT**.


BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge


cc:     Scott Michael Hare, Esquire
            Email: smhare@bartlaw.com

        Gregory A. Miller, Esquire
            Email: millerga@bipc.com

        Lisa M. Passarello, Esquire
            Email: passarellolm@bipc.com